UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 07-01-DCR |
| | ) | and |
| V. | ) | Civil Action No. 6: 13-7324-DCR |
| | ) | |
| LEE MURRAY MILLER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Lee Murray Miller's second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 80] On August 20, 2007, Miller was sentenced to a 210-month term of imprisonment after pleading guilty to knowingly possessing a short-barreled firearm and being a convicted felon in possession of a firearm. [Record No. 54] Miller unsuccessfully appealed his status as a career offender under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B) which was based on prior convictions for violent felonies. [Record No. 65]

Following his direct appeal, Miller filed a motion on December 2, 2013, seeking to vacate his sentence under 28 U.S.C. § 2255. [Record No. 70] He argued that, under *Descamps v. United States*, 133 S. Ct. 2276 (2013), his prior convictions for third-degree burglary did not qualify as violent felonies for purposes of the career offender enhancement in 18 U.S.C. 924(e)(2)(B)(ii). [*Id.*, p. 4] The motion was referred to a United States

Magistrate Judge who issued a report, concluding that Miller's prior convictions constituted qualifying felony convictions under the ACCA. [Record No. 77] On August 28, 2014, the Court adopted the Magistrate Judge's recommendations, denying Miller's motion. [Record Nos. 78; 79]

The defendant has now filed a second motion for collateral relief. [Record No. 80] Because Miller is acting *pro se*, the Court liberally construes his motion as: (i) a motion for reconsideration of the Court's August 28, 2014 Order and Judgment [Record Nos. 78; 79] under Rule 59(e), and (ii) a successive motion to vacate under 28 U.S.C. § 2255.

To the extent Miller requests reconsideration of the August 28, 2014 Judgment, his motion is untimely. Fed. R. Civ. P. 59(e) (filing of motion to amend judgment must occur within 28 days of judgment). Where a party's Rule 59 motion is not filed within the prescribed time period, "it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *United States v. Mullen*, No. 1:03CR178, 2005 WL 2271858, *1 (W.D. Mich. Sept. 16, 2005) (construing defendant's Rule 59(e) motion as a Rule 60(b) motion). However, a motion labeled as a motion for reconsideration or relief from judgment that "is in substance a successive habeas petition" should be treated as such a petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

In the present motion, Miller again asserts that he was improperly sentenced as a career offender under the ACCA, this time relying on the Supreme Court's recent decision in

*Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).[1] [Record No. 80, p. 4] This is similar to the claim Miller raised in his first motion to vacate [Record No. 70], although he relies on different authority. Further, based on the language in Miller's motion, he is clearly requesting relief under 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate must be certified as provided in section 2244. That provision states that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Miller has not filed such a motion with the Sixth Circuit, the present motion to vacate is procedurally barred. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) (successive motion must be certified to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see also Albo v. United States*, 498 F. App'x 490, 494–95 (6th Cir. 2012).

Moreover, Miller's successive motion cannot be certified because, while *Johnson* announces a new rule of constitutional law, it has not been held retroactive to cases on collateral review by the Supreme Court. *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("The only

---

1        In *Johnson*, the Court addressed the constitutionality of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague. 135 S. Ct. at 2557.

way the Supreme Court can, by itself, lay out and construct a rule's retroactive effect . . . is through a holding.") (internal quotation marks omitted); *In re Rivero*, 797 F.3d 986, 989–90 (11th Cir. 2015) (holding that *Johnson* is not retroactive for collateral-review purposes).[2] In fact, there is substantial, well-reasoned authority from other circuits holding that *Johnson* should not be applied retroactively. *See In re Rivero*, 797 F.3d 986 (11th Cir. 2015); *In re Williams*, 2015 U.S. App. LEXIS 19732 (5th Cir. 2015); and *In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015). Finally, Miller does not allege that new evidence justifies his request for relief under § 2255.

In summary, Miller's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is actually a successive motion to vacate his sentence under 28 U.S.C. § 2255. Because this Court lacks jurisdiction to entertain the present motion, the matter will be transferred to the Sixth Circuit so that it may determine whether Miller may file a second or successive motion for relief under 28 U.S.C. § 2255. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Lee Murray Miller's motion to vacate under 28 U.S.C. § 2255 [Record No. 80] shall be construed as a motion for leave to file a second or successive petition for collateral relief under 28 U.S.C. § 2255. The Clerk of Court is **DIRECTED** to transfer that motion to the Sixth Circuit as a second or successive petition in accordance with

---

[2] The Sixth Circuit has not addressed whether *Johnson* applies retroactively to cases on collateral review. While it has reversed and remanded several criminal sentences based on *Johnson*, those cases were on direct appeal rather than collateral review. *See United States v. Bell*, No. 13-6339, 2015 WL 4746360, at *1 (6th Cir. Aug. 12, 2015); *United States v. Franklin*, No. 14-5093, 2015 WL 4590812, *12 (6th Cir. July 31, 2015); *United States v. Bilal*, No. 14-4190, 2015 WL 4568815, *1 (6th Cir. July 29, 2015).

28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    2.    To the extent Miller's motion [Record No. 80] can be construed as a request for reconsideration of the Court's August 28, 2014 Judgment, his request is **DENIED**.

This 17th day of December, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge